# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| RICK WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-5132-SSA-CV-SW-MJW |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Rick Williams seeks judicial review,[1] of a final administrative decision denying Plaintiff disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.* Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

The parties' briefs are fully submitted, and an oral argument was held on November 21, 2013. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

## Discussion

Here, Plaintiff alleges he is disabled due to multiple mental health impairments, and impairments of the lumbar spine. The Administrative Law Judge (ALJ) concluded Plaintiff did have several severe mental health impairments, including bipolar disorder, panic disorder without agoraphobia, dysthymic disorder, episodic mood disorder, avoidant personality disorder, anxiety, and depression. The ALJ also concluded Plaintiff had severe impairment of the lumbar spine, with the status of this impairment being post lumbar spine surgery. The ALJ found that Plaintiff's multiple severe impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ further found Plaintiff retained a residual

functional capacity (RFC) to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with some limitations to account for his severe impairments. Specifically, the ALJ limited Plaintiff's light work RFC to: only occasional stooping; simple routine, repetitive tasks, not performed in a fast-paced production environment or as an integral part of a team; and work involving few work-place changes and requiring only occasional interaction with supervisors, coworkers and the general public. Based on this RFC, the ALJ determined that Plaintiff could not do his past relevant work as an industrial cleaner or a pool installer, but could do other work that exists in significant numbers in the national economy. Accordingly, Plaintiff was found not to be under a disability as defined in the Social Security Act from November 25, 2009, through the date of the ALJ's decision on October 27, 2011.

Plaintiff alleges the ALJ erred in failing to consider the medical source statement (MSS) provided by treating nurse practitioner Callahan and failed to properly weigh Plaintiff's credibility. The Commissioner argues that the ALJ properly weighed Plaintiff's subjective allegations, daily activities, and medical evidence and opinions of the record in determining Plaintiff's credibility. The Commissioner further argues that a nurse practitioner is not an "acceptable medical source," and moreover, her treatment notes are inconsistent with her MSS limitations opined. In reply to the arguments of the Commissioner, Plaintiff argues the Commissioner cannot make post hoc rationalizations in order to support the decision of the ALJ. Specifically, Plaintiff argues that the ALJ failed to make a finding-of-fact regarding the weight, if any, nurse practitioner Callahan's opinion deserved. Plaintiff argues that this failure is a violation of SSR 06-3p. Plaintiff seeks the case be remanded in order for the ALJ to properly consider the opinion of Callahan, the treating nurse practitioner, and make findings-of-fact in order to determine the proper weight to be given to this opinion.

Upon review, this Court finds that the ALJ erred in failing to consider all the relevant medical evidence in the record. Specifically the ALJ failed to discuss and/or consider the opinion of Nurse Practitioner Callahan in the decision denying Plaintiff disability under the Social Security Act. This violated SSR 06-3p. See Sloan v. Astrue, 499 F.3d 883, 888-89 (8th Cir. 2007) (discussing SSR 06-3p and weight given to opinions

of "other medical sources" such as a nurse practitioner). While Callahan's opinion is not considered an "acceptable medical source" under the Social Security Regulations, the regulations nonetheless require that the ALJ consider all relevant medical evidence in the case, including opinion evidence from "other medical sources" such as nurse practitioners. SSR 06-3p. See also 20 C.F.R. § 404.1513 (discussing consideration of evidence from other medical sources). The weight such evidence may be entitled will vary according to the particular facts of the case, the source of the opinion, including that source's qualifications, the issues that the opinion is about and many other factors as set forth in SSR 06-3p. Here the ALJ failed to give Callahan's opinion any consideration, and the facts support that this failure was prejudicial. Nurse Callahan's treatment record of Plaintiff (treating Plaintiff five times prior to giving the MSS and continued treatment thereafter; and nature of treatment provided by Callahan to Plaintiff) and the consistency between Callahan's MSS and the MSS provided by Plaintiff's treating medical physician, whose opinion the ALJ discounted, support the relevancy and necessity of Nurse Callahan's opinion in the ALJ's decision determining whether Plaintiff is disabled.

## Conclusion

Based on the foregoing, this Court finds the administrative record is not sufficiently developed to make a determination as to Plaintiff's disability. See Battles v.Shalala, 36 F.3d 43, 45 (8th Cir. 1994) (determination of when the Commissioner has failed to develop the record is made on a case-by-case basis). This case is, therefore, remanded for further development of evidence in the form of (1) specific consideration and discussion of the MSS of Nurse Practitioner Callahan, in accordance with the factors set forth in SSR 06-3p.; and (2) the MSS of Callahan to be specifically considered in conjunction with the record as a whole, including the opinion of the treating physician, Dr. Carlin, in order to properly determine whether Plaintiff is disabled as defined by the Social Security Act.

Accordingly,

IT IS ORDERED that the decision of the Commissioner is reversed and this case is remanded to the Commissioner, pursuant to Sentence 4, for further consideration and development of the record.

Dated this 2nd day of December, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge